UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMTP TRUST, SERIES 2021 COTTAGE-TT-V<br>     Plaintiff,<br><br>v.<br><br>MICHAEL D. KUBACKI<br>PAMELA S. KUBACKI<br>     Defendant(s) | Civil Action No. |

**<u>VERIFIED COMPLAINT</u>**

<u>Jurisdiction and Venue</u>

The Superior Court has jurisdiction over this matter pursuant to R.I.G.L. § 8-2-13, R.I.G.L. § 8-2-14 and R.I.G.L. 34-27-1, et seq.

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00.

2. Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is subject to this complaint is located in the State of Rhode Island.

3. Plaintiff seeks to foreclose a mortgage to Plaintiff pursuant to R.I.G.L. § 34-27-1, et seq.

Parties

4. Plaintiff U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V has a usual place of business at 7114 E. Stetson Drive, Scottsdale, AZ 85251 (the "**Plaintiff**").

5. Michael D. Kubacki and Pamela S. Kubacki (the "**Defendants**") are individuals who, upon information and belief, reside at 2 Leading Street, Johnston, RI 02919 (the "**Property**").

6. The Property is further described by the City of Johnston Tax Assessors as Lot 157, Plat 15."

**Facts**

7. Brandon L. Main executed and delivered a warranty deed for the Property to Defendants Michael D. Kubacki and Pamela S. Kubacki as tenants by the Entirety, which deed is dated May 4, 2018 and was recorded on May 4, 2018 in Land Evidence Records for the Town of Johnston at Book 2675 at Page 210. *See* **Exhibit A**.

8. Defendants Michael D. Kubacki and Pamela S. Kubacki executed and delivered a note dated May 4, 2018 to Total Mortgage Services, LLC in the original principal amount of $169,866.00 (the "**Note**"). See **Exhibit B**.

9. The note was endorsed in blank.

10. U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V is the current holder of the Note.

11. Rushmore Loan Management Services LLC is the servicer of the loan.

12. As security for the Note, Defendants Michael D. Kubacki and Pamela S. Kubacki executed, granted and delivered a mortgage in the amount of $169,866.00 containing a power of sale to Mortgage Electronic Registration Systems, Inc. ("**MERS**"), as nominee for Total Mortgage Services, LLC, dated May 4, 2018, and recorded in the Land Evidence Records for the Cities of Johnston (the "**Mortgage**").  See **Exhibit C**.

13. The Mortgage was assigned from MERS to Roundpoint Mortgage Servicing Corporation.

14. The Mortgage was then assigned by Roundpoint Mortgage Servicing Corporation to Freedom Mortgage Corporation.

15. The Mortgage was finally assigned by Freedom Mortgage Corporation to U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V, the plaintiff in the instant matter.  Copies of the assignments of mortgage are attached hereto as **Exhibit D**.

16. The Mortgage is secured by the Property located in the City of Johnston, more particularly described as follows:

EXHIBIT A

That certain tract or parcel of land with all the buildings and improvements thereon, situated in the Town of Johnston, County of Providence, State of Rhode Island, bounded as follows:

Northerly on Leading Street, seventy- eight and 21/100 (78.21') feet; easterly on Killingly Street (forty-six and 15/100 (46.15') feet; southerly on Lot Number One (1) on the hereinafter named plat, sixty-seven and 94/100 (67.94') feet; westerly on land now or formerly of Robert W. Gozenbach et al, forty-five (45') feet.

Said tract comprises the easterly portion of Lot Number Two (2) on that plat entitled "Westminster Heights by R. W. Seamans, Eng'r. September 1906", which said plat is recorded in the Office of the Town Clerk of said Town of Johnston on Plat Card 71.

17. U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V is the present holder of the Note and Mortgage.

18. No person other than the parties hereto appears of record in Land Evidence Records for the City of Johnston to have any interest in the Property.

## COUNT I

19. Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1-18 as if restated herein.

20. Defendants are in default in the performance of the terms and conditions of the Note by reason of failure to timely tender principal and interest payments as required by the terms of the Note.

21. As of November 9, 2020, the sum of $15,116.10 was necessary to cure the default.

22. As a result of the default, Plaintiff is entitled to foreclose the sums due and owing in connection with the Note.

23. As of October 18, 2022, the sum of $208,268.28 was due and owing to Plaintiff from Defendant in connection with the Note.

24. Defendant has no defenses or right of set off with respect to the amounts due in connection with the Note, with the exception of any deficiency balance due and owing in connection with the Note which may have been discharged in bankruptcy.

25. On or about November 9, 2020, Plaintiff, via its authorized servicer of the Mortgage, sent a notice of default and demand in accordance with the notice and default provisions of the Mortgage.

26. On or about October 18, 2022, Plaintiff or its predecessor in interest, or authorized servicer of the Mortgage, or anyone holding under the Mortgage, by its attorneys, sent a notice of acceleration of the debt pursuant to the notice and default provisions of the Mortgage.

## COUNT II

27. Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1-26 as if restated herein.

28. Defendants Michael D. Kubacki and Pamela S. Kubacki as the present owners of the Property, are the owners of the equity of redemption of the Property.

29. Defendants are in default in the performance of the terms and conditions of the Mortgage, namely, default in the payment of principal and interest of the Note secured by the Mortgage.

30. Plaintiff is entitled to foreclose the Mortgage, in full or partial satisfaction of the Defendants' obligations in connection with the Note and Mortgage pursuant to their terms and applicable law.

31. Plaintiff is entitled to foreclose the Mortgage by entry and possession and by exercise of the power of sale contained therein, in accordance with R.I.G.L. § 34-27-1, et seq.

32. Upon information and belief and upon examination of the public records, there are no other parties with an equitable interest in the Property.

33. Upon information and belief and upon examination of the public records, there are no other parties with a mortgage, lien or encumbrance with respect to the Property.

34. Upon information and belief, there are no persons having any interest of ownership who are in the Military Service of the United States of America or otherwise entitled to the relief and benefits provided by the Act of Congress known as the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.  See **Exhibit F.**

WHEREFORE, Plaintiff prays that the following relief enter:

1. That an order of notice issue on this Complaint, if the Court deems appropriate;

2. Declare that the Mortgage recorded in the Land Evidence Records for the Town of Johnston, Rhode Island is a valid lien on the Property;

3. Declare that Defendants, Michael D. Kubacki and Pamela S. Kubacki, are in default of the terms and conditions of the Note and Mortgage;

4. Enter an interlocutory decree authorizing the Plaintiff to foreclose the Mortgage recorded in the Land Evidence Records for the Town of Johnston on May 4, 2018 in book 2675 at page 212;

5. Enter judgment in favor of Plaintiff for the sums due and owing from Defendants in connection with the Note and Mortgage with the exception of any deficiency balance due and owing in connection with the Note which may have been discharged in bankruptcy;

6. Enter an Order authorizing Plaintiff to satisfy its Judgment from the foreclosure pursuant to the terms of the Mortgage;

7. The Court approve the acts of the Plaintiff done and performed under the authority of any interlocutory decree authorizing a foreclosure sale and enter a final decree confirming the foreclosure sale; and

8. Such other and further relief as this Honorable Court deems meet and just.

> Respectfully submitted,
> U.S. BANK NATIONAL ASSOCIATION,
> NOT IN ITS INDIVIDUAL CAPACITY BUT
> SOLELY AS TRUSTEE FOR RMTP TRUST,
> SERIES 2021 COTTAGE-TT-V
> By its Attorney,
>
> _____
> David A. Shaw, Esq. 03497
> Demerle Hoeger LLP
> 10 City Square
> Boston, MA 02129
> (617) 337-4444
> (617) 337-4496 (fax)
> DShaw@dhnewengland.com

DATE: 12-28-22

**VERIFIED:**

I, ___Selena Mitcherson___ (name), ___Assistant Vice President___ (position), for plaintiff in the foregoing action, swear and affirm that the allegations contained herein are true and correct, based upon my own personal knowledge and the public records.