UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMTP TRUST, SERIES 2021 COTTAGE-TT-V<br>        Plaintiff,<br><br>v.<br><br>MICHAEL D. KUBACKI<br>PAMELA S. KUBACKI<br>        Defendant(s) | Civil Action No. 1:23-cv-00010-MSM-LDA |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT AND ORDER OF SALE**

NOW COMES U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V ("**U.S. Bank, N.A.**") and hereby respectfully requests the Court to enter Default Judgment and order of sale of the property located at 2 Leading Street, Johnston, Rhode Island (the "**Property**"). In support thereof, U.S. Bank, N.A. states:

1. On January 6, 2023, the above-entitled action was filed with this Honorable Court.

2. On February 8, 2023, defendant Michael D. Kubacki ("**Defendant**") was served with the summons and complaint. A true copy of the return of service was filed with the Court.

3. On February 8, 2023, defendant Pamela S. Kubacki ("**Defendant**") was served with the summons and complaint. A true copy of the return of service was filed with the Court.

4. On March 28, 2023, the Clerk entered default for failure of the defendants to file an answer to the complaint or otherwise plead.

5. Michael D. Kubacki and Pamela S. Kubacki are the owners of the Property.

6. On May 4, 2018, the Defendant executed a promissory note in favor of Total Mortgage Services, LLC in the original principal amount of $169,866.00 (the "**Note**"). The Note is endorsed in blank.

7. On May 4, 2018, the Defendant executed a mortgage in favor of MERS, Inc., as nominee for Total Mortgage Services, LLC (the "**Mortgage**").

8. The Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for Total Mortgage Services, LLC. Then assigned to Roundpoint Mortgage Servicing Corporation. The Mortgage was further assigned to Freedom Mortgage Corporation. Finally, the Mortgage was assigned to U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V.

9. U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V is the current holder of the Note and Mortgage.

10. The Mortgage is secured by the Property, more particularly described as follows:

EXHIBIT A

That certain tract or parcel of land with all the buildings and improvements thereon, situated in the Town of Johnston, County of Providence, State of Rhode Island, bounded as follows:

Northerly on Leading Street, seventy- eight and 21/100 (78.21') feet; easterly on Killingly Street (forty-six and 15/100 (46.15') feet; southerly on Lot Number One (1) on the hereinafter named plat, sixty-seven and 94/100 (67.94') feet; westerly on land now or formerly of Robert W. Gozenbach et al, forty-five (45') feet.

Said tract comprises the easterly portion of Lot Number Two (2) on that plat entitled "Westminster Heights by R. W. Seamans, Eng'r. September 1906", which said plat is recorded in the Office of the Town Clerk of said Town of Johnston on Plat Card 71.

11. The Mortgage is a valid first priority mortgage and senior in priority to all other liens and encumbrances.

12. Defendant is in default in the performance of the terms and conditions of the Note by reason of his failure to timely tender principal and interest payment as required by the terms of the Note.

13. As of May 1, 2023, the sum of approximately $169,866.00 is due and owing to U.S. Bank, N.A. from Defendant in connection with the Note together with such interest that accrues in the sum of $23.88 per day. U.S. Bank, N.A. is also entitled to costs of collection, including, without limitation, attorney's fees, foreclosure fees and expenses pursuant to the terms and conditions of the Note and Mortgage.

14. Defendant has no defense or right of set off with respect to the amounts due in connection with the Note other than that the debt may have been discharged in a bankruptcy proceeding.

15. The foreclosure mediation provisions of R.I. Gen. Laws § 34-27-3.2 do not apply. Specifically, Banking Regulation 230-RICR-40-10-4 Section 4.5A(6) permits a mortgagee to proceed to foreclosure without providing a Notice of Mediation Conference to the mortgagor.

16. The foreclosure counseling provisions of R.I. Gen., Laws § 34-27-3.1 do not apply to foreclosures conducted pursuant to R.I. Gen. Laws § 34-27-1.

17. U.S. Bank, N.A., or its predecessor-in-interest, has accelerated the sums due and owing pursuant to the terms of the Note and Mortgage without further notice.

18. U.S. Bank, N.A., its successors and/or assigns, is entitled to foreclose the Mortgage, in full or partial satisfaction of the Defendant's obligations in connection with the Note and Mortgage pursuant to their terms and applicable law.

19. U.S. Bank, N.A., its successors and/or assigns, is entitled to foreclose the Mortgage by entry and possession and by exercise of the power of sale contained therein, in accordance with R.I.G.L. § 34-27-1, et seq.

20. Upon information and belief, there are no persons having any interest of ownership who are in the Military Service of the United States of America or otherwise entitled to the relief and benefits provided by the Act of Congress known as the Soldiers' and Sailors' Civil Relief Act of 1940, as Amended.

WHEREFORE, U.S. Bank, N.A. prays that the following relief enter:

1. Declare that the Mortgage recorded in the Land Evidence Records for the City of Johnston on May 4, 2018, in book 2675 at page 212 is a valid first priority lien on the Property;

2. Declare that Defendants, Michael D. Kubacki and Pamela S. Kubacki, are in default of the terms and conditions of the Note and Mortgage;

3. Declare that the sums secured by the Mortgage are immediately due and payable without further demand in accordance with paragraph 24 of the Mortgage accept as any personal liability that may have been discharged in a bankruptcy proceeding;

4. Declare that the foreclosure mediation provisions of R.I. Gen. Laws § 34-27-3.2 do not apply;

5. Declare that the foreclosure counseling provisions of R.I. Gen. Laws § 34-27-3.1 do not apply;

6. Enter Default Judgment, authorizing U.S. Bank, N.A., its successors and/or assigns to foreclose the Mortgage recorded in the Land Evidence Records for the City of Johnston on May 4, 2018, in book 2675 at page 212 by the exercise of power of sale therein and in accordance with R.I.G.L. § 34-27-1, et seq., subject to confirmation by this Court;

7. Enter Default Judgment in the amount of $216,995.46 together with such interest as accrues in the sum of $23.88 per day, and with such other fees

and costs as they may accrue pursuant to the terms of the Note and Mortgage accept for any debt that may have been discharged in a bankruptcy proceeding;

8. U.S. Bank, N.A., its successors and/or assigns shall give notice of the sale and conduct such sale in accordance with the provisions of R.I.G.L. § 34-11-22;

9. U.S. Bank, N.A., its successors and/or assigns or its designee be allowed to make a credit bid at the sale;

10. U.S. Bank, N.A., its successors and/or assigns shall be entitled to collect all expenses, including costs and all reasonable attorney's fees, incurred in brining this action and conducting the foreclosure sale, including, without limitation, attorney's fees, foreclosure fees and expenses as shall be established at such time as the Court considers confirmation of the foreclosure sale; and

11. Such other and further relief as this Honorable Court deems meet and just.

Respectfully submitted,
U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMTP TRUST, SERIES 2021 COTTAGE-TT-V,

By its attorney,
/s/ David A. Shaw_____
David A. Shaw, Esq. (#3497)
Demerle Hoeger LLP
10 City Square, 4th Floor
Boston, MA 02129
(617) 337-4444
DShaw@DHNewEngland.com

DATE: April 13, 2023

## CERTIFICATE OF SERVICE

      I, David A. Shaw, Esq., hereby certify that, on the 13th day of April 2023, I electronically served the foregoing on all registered participants and mailed a copy of the foregoing document to the opposing parties at the following addresses by first class mail:

*non-appearing*

A copy of the document is available through the court's electronic filing system.

                                        */s/ David A. Shaw*____
                                        David A. Shaw, Esq.