UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMTP TRUST, SERIES 2021 COTTAGE-TT-V<br>         Plaintiff,<br><br>v.<br><br>MICHAEL D. KUBACKI<br>PAMELA S. KUBACKI<br>         Defendant(s) | C. A. No. 1:23-cv-00010-MSM-LDA |

## DEFAULT JUDGMENT

This matter came before the Court on May 9, 2023, on the Motion of U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Trustee for RMTP Trust, Series 2021 Cottage-TT-V ("Plaintiff' or "U.S. Bank, N.A."), for the Entry of a Default Judgment as to all Defendants.

The Court finds that all Defendants were personally served with the Summons and Complaint in this matter and that each Defendant has failed to appear in this action by filing an answer or other response to Plaintiffs complaint. A default entered on the docket as to all Defendants on March 28, 2023.

Accordingly, based on the uncontroverted allegations contained in the Complaint; the supporting Affidavit of Lender, and of Plaintiff's undersigned counsel

filed herewith in support of Plaintiff's Motion for Entry of Default Judgment, the Court enters Judgment as follows:

      1.      Plaintiff is the current holder of that certain promissory note given by Michael D. Kubacki and Pamela S. Kubacki to Total Mortgage Services, LLC Limited Liability Corporation in the original principal amount of $169,866.00 dated May 4, 2018 (the "Note").

      2.      Plaintiff is the current holder of the mortgage given by Michael D. Kubacki and Pamela S. Kubacki to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Total Mortgage Services, LLC dated March 21, 2005, with the (the "Mortgage") by virtue of a series of assignments of said Mortgage culminating with an assignment into the Plaintiff recorded with said Land Evidence Records on September 13, 2022 in Book 3127 at Page 279.

      3.      The Mortgage encumbers the real estate known as 2 Leading Street, Johnston, Rhode Island (the "Property").

      4.      The Note is in default as required monthly payments have not been made to the Plaintiff in accordance with the requirements of the Note and Mortgage.

      5.      Plaintiff is hereby authorized to conduct a public sale of the Property pursuant to this Judgment and the default remedies provided for in the Note and Mortgage including, without limitation, paragraph 22 of the Mortgage.

      6.      The public sale shall be conducted no more than 240 days from the date of this Judgment except as otherwise ordered, modified, or extended by the Court with Plaintiff publishing and giving notice of such sale to such persons and in such manner as provided for in R.I. Gen. Laws § 34-27-4(a) and 4(b) respectively.

7. Plaintiff is authorized to credit bid at such public sale up to the amount of the total indebtedness due under the Note and Mortgage as of the date of sale including its attorneys' fees and costs incurred in this action and in conducting such sale.

8. Plaintiff shall, within 120 days of such public sale, file a motion with this Court for approval of such sale with such motion to include proof of publication and mailing in a manner consistent with the requirements of said §34-27-4(a) and 4(b), auctioneer's report or affidavit of sale and copy of the executed foreclosure deed conveying title to the high bidder (or, if such high bidder fails to perform in accordance with the Plaintiff's Memorandum of Sale signed by such high bidder at the sale, then to the penultimate high bidder) at such sale. Such foreclosure deed shall not be deemed to have been delivered to the grantee named therein and Plaintiff shall not present the foreclosure deed to the Land Evidence Records for recording until the Court issues an order approving such sale.

9. Plaintiff's public sale of the Property in a manner consistent with the requirements of R.I. Gen. Laws §34-27-4(a) and 4(b) and execution and recording of the foreclosure deed relative to such sale running in favor of the successful high bidder (or penultimate high bidder as provided in the Plaintiff's Memorandum of Sale) shall convey title to the Property to such high bidder or penultimate high bidder forever free of all rights of redemption or any other right, title or interest of each of the Defendants.

10. The Plaintiff is entitled to a judgment for the relief it seeks.

Entered as a Final Judgment of this Court this 9th day of May, 2023.

:

BY ORDER:

_May S. McElroy_____

5/9/2023

Presented by:
/s/ David A. Shaw
Demerle Hoeger LLP
10 City Square
Boston, MA 02129
Phone: 617-337-4444
Fax: 617-337-4496
Email: DShaw@dhnewengland.com